Sterling A. Brennan (CA State Bar No. 126019)
 E-Mail: sbrennan@mabr.com
Tyson K. Hottinger (CA State Bar No. 253221)
 E-Mail: thottinger@mabr.com
MASCHOFF BRENNAN LAYCOCK
 GILMORE ISRAELSEN & WRIGHT PLLC
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:  (949) 453-1104

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| Turkuvaz Televizyon ve Radyo İşletmeciliği A.Ş., a Turkish company; Turkuvaz Aktif Televizyon Prodüksiyon Anonim Şirketi, a Turkish compny, | Case No. 8:16-cv-02138 |
| Plaintiffs, | **COMPLAINT  FOR:** |
| v. | **1. BREACH  OF  CONTRACT;** |
| DFH Network, Inc., a Nevada corporation, | **2. COPYRIGHT INFRINGEMENT;** |
| Defendant. | **3. TRADEMARK INFRINGEMENT;** |
| | **4. UNFAIR  COMPETITION;** |
| | **5. ACCOUNT  STATED;  AND** |
| | **6. GOODS  AND  SERVICES RENDERED  (QUANTUM MERUIT)** |

Plaintiffs Turkuvaz Televizyon ve Radyo İşletmeciliği A.Ş. (also known as "Turkuvaz Television") and Turkuvaz Aktif Televizyon Prodüksiyon Anonim Şirketi ("Turkuvaz Active") [hereinafter, Turkuvaz Television and Turkuvaz Active are sometimes referred to collectively as "Plaintiffs"] hereby complain against defendant DFH Network, Inc. ("DFH") for claims for relief alleged as follows:

## THE PARTIES

1.    Turkuvaz Television is a Turkish media services provider having a principal place of business located at Barbaros Bulvari, Cam Han, No:153 Besiktas, Istanbul, Turkey.

2.    Turkuvaz Active is a Turkish media services provider having a principal place of business located at Barbaros Bulvari Cam Han No. 153, Balmumcu, Besiktas, Istanbul, Turkey.

3.    DFH is a Nevada Corporation having a principal place of business located at 7 Bendix, Suite B, Irvine, California 92618.

## JURISDICTION AND VENUE

4.    By this civil action, Plaintiffs seek damages and relief against DFH for (a) breach of contract, (b) copyright infringement, (c) trademark infringement, (d) unfair competition, (e) account stated, and (f) goods and services rendered.

5.    This Court has original subject matter jurisdiction over Plaintiffs' copyright infringement, trademark infringement, and unfair competition claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

6.    This Court has supplemental jurisdiction over Plaintiffs' additional claims under 28 U.S.C. § 1367.

7.    Jurisdiction before this Court is also proper pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction. Plaintiffs and DFH are of diverse citizenship because each of the Plaintiffs is a citizen of Turkey, and DFH is a citizen of California and Nevada. The amount in controversy exceeds $75,000.

1

1    8.    DFH is headquartered and performs business within this District.  This

2    Court's exercise of personal jurisdiction over DFH is consistent with provisions of the

3    Constitutions of the United States and the State of California.

4    9.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), as a

5    substantial part of the events giving rise to Plaintiffs' claims occurred in this District

6    and DFH resides in this District.

7    **GENERAL ALLEGATIONS**

8    10.  Plaintiffs are each subsidiaries of a larger holding company called Zirve

9    Holding Anonim Şirketi.  Together, Plaintiffs provide diversified media throughout

10   Turkey by broadcasting various television and radio channels and distributing several

11   different styles of newspapers and magazines.

12   11.  Plaintiffs maintain a high level of quality entertainment for various

13   demographics through its many media channels.  Plaintiffs provide domestic

14   programming within Turkey via its nationwide television channel called "aTV", and

15   internationally through a similar channel "aTV Avrupa" ("aTV Europe").  aTV is one

16   of Turkey's most popular television channels and delivers a variety of popular news

17   and entertainment television shows to viewers.

18   12.  aTV Europe retransmits the content that is broadcasted on the aTV channel

19   in Turkey.  In the event of broadcast restrictions in certain territories, aTV Europe airs

20   its own content.  Turkuvaz Television currently holds the broadcasting and licensing

21   rights of aTV Europe and the rights and interests in aTV Europe's own content.

22   Turkuvaz Active currently holds the rights and assets of aTV.

23   13.  Plaintiffs license their Turkish programming channels to broadcast

24   providers in various territories—North America being one such example—on both

25   exclusive and non-exclusive bases.

26   14.  The programs for each of Plaintiffs' channels, including aTV and aTV

27   Europe (collectively, "aTV Channels"), consist of programs produced by Plaintiffs' in-

28

1  house production studio or by outside production companies at Plaintiffs' direction and

2  control.

3       15.   Each program that appears on Plaintiffs' channels, including the aTV

4  Channels, qualifies for copyright protection in Turkey.  Enforcement of this copyright

5  protection in the United States arises under the Berne Convention, to which both

6  Turkey and the United States are parties.

7       16.   Plaintiffs are the legal or beneficial owners of the exclusive rights for the

8  numerous programs they broadcast through their media channels, including those

9  broadcasted on the aTV Channels.

10       17.   Plaintiffs additionally have exclusive rights and commercial interests in the

11  trademarks, logos, and names of the aTV Channels through marks that are registered in

12  Turkey (collectively, "aTV Trademarks").

13       18.   The trademark protection provided to marks registered in Turkey, including

14  the aTV Trademarks, is recognized and enforceable in the United States under the Paris

15  Convention, to which both the United States and Turkey are parties.

16       19.   On or about February 18, 2006, DFH and Merkez Television entered into a

17  licensing agreement for certain broadcast rights throughout the United States, Canada,

18  Mexico, Belize, Venezuela, Honduras, Puerto Rico, and Cuba ("License Agreement").

19  The License Agreement granted DFH the exclusive right to distribute and market aTV

20  Europe within specified geographical areas, and also included use of the aTV

21  Trademarks and some aTV content.  Merkez Television was the original owner of the

22  rights and interests in aTV and the aTV Trademarks included in the License

23  Agreement.

24       20.   In 2008, the parent company Turkuvaz Radyo Televizyon Gazetecilik ve

25  Yayıncılık A.Ş acquired Merkez Television's rights and interests in aTV, which

26  included all rights, licenses, permits, stations, and press for aTV.  All of these rights were

27  later assigned to Turkuvaz Active in 2013.

28

1      21.  In a related agreement, Turkuvaz Television acquired all of the broadcast

2  rights to aTV Europe in 2008 through a direct transaction with Merkez Television's

3  parent company, which, at the time, was the media services provider of aTV Europe.

4  This agreement assigned Turkuvaz Television all rights and interests in aTV Europe,

5  including the rights and interest in the License Agreement.

6      22.  The terms of the License Agreement began retroactively on January 1, 2005

7  and contained an option to renew, following "bona fide" negotiations, at the end of a

8  five-year period.  Attached hereto as Exhibit A is a true and correct copy of a certified

9  and accurate translation of the License Agreement from Turkish to English.

10      23.  The License Agreement provided for DFH to make payment to Merkez

11  Television of an initial lump sum amount, which included an agreed-upon amount for

12  broadcasting aTV Europe and using the aTV Trademarks for the first two months of

13  2006; monthly payments under the License Agreement would then ensue following the

14  initial lump sum payment.

15      24.  For almost the next decade, this business relationship with DFH continued

16  through renewals of the terms of the License Agreement.  DFH was to make monthly

17  payments to Turkuvaz Television in exchange for the broadcasting and trademark rights

18  granted under the License Agreement.

19      25.  DFH ultimately failed to pay amounts owed to Turkuvaz Television under

20  the License Agreement despite continual misrepresentations by DFH to Turkuvaz

21  Television that it would pay its obligations under the License Agreement.

22      26.  When it became clear to Plaintiffs that DFH was not going to uphold its end

23  of the License Agreement by paying for its broadcast of aTV Europe and use of the

24  aTV Trademarks, Plaintiffs sent DFH a letter that terminated the License Agreement

25  and made demands for DFH to cease and desist its broadcast of aTV Europe and use of

26  the aTV Trademarks.

27

28

4

27.  DFH still continues to broadcast aTV Europe, despite termination of the License Agreement and Plaintiffs' demands to cease and desist.

28.  Except for the performance of any matters that may have been excused by DFH's breaches, Turkuvaz Television has complied with its obligations owed to DFH under the License Agreement.

29.  DFH advertised, marketed, and sold Plaintiffs' aTV Channels to viewers and profited from the goodwill and transmission of the aTV Channels and use of the aTV Trademarks without Plaintiffs' permission and after the License Agreement was terminated.  DFH has deceived the public by holding out its improper and unauthorized broadcasts of the aTV Channels as legitimate broadcasts that are authorized by and affiliated with Plaintiffs.   DFH also has improperly associated itself with Plaintiffs by improper use of the aTV Trademarks in its advertisements and marketing endeavors.

30.  As a consequence of DFH's unauthorized conduct, Plaintiffs have been denied creative control over the content that DFH is broadcasting in the specified geographical areas, and also have been deprived of their ability to strictly monitor, limit, and enforce the broadcasting of their channels.

31.  Plaintiffs' ability to maintain control over their licensed content is necessary to ensure that the content complies with broadcast restrictions from its other licensing agreements with other content providers, as well as Plaintiffs' own standards and reputation within the industry.  DFH's derogation of applicable broadcast restrictions has harmed, and, unless and until enjoined by this Court or voluntarily stopped by DFH, will continue to harm Plaintiffs' relationships and long-standing reputation with other licensees.

32.  DFH's actions violate, and have violated, Plaintiffs' rights, causing irreparable harm to Plaintiffs' reputation and impairing their control over content.

1

**FIRST CLAIM FOR RELIEF**

2

**(Breach of Contract)**

3       33.   The foregoing paragraphs are realleged and incorporated by reference, as

4    though fully set forth herein.

5       34.   The License Agreement was a valid and enforceable contract between DFH

6    and Turkuvaz Television.

7       35.   Turkuvaz Television did all, or substantially all, of the significant things that

8    the License Agreement required it to do, except for the performance of any matters that

9    may have been excused by DFH's breaches.

10      36.   DFH has materially breached its contractual obligations arising out of the

11   License Agreement by failing to perform its required actions in a timely and proper

12   manner, including failing to make the required payments.

13      37.   Turkuvaz Television has incurred substantial harm, to its detriment, as a

14   direct and proximate result of DFH's breaches of the License Agreement.

15

**SECOND CLAIM FOR RELIEF**

16

**(Copyright Infringement)**

17      38.   The foregoing paragraphs are realleged and incorporated by reference, as

18   though fully set forth herein.

19      39.   Plaintiffs are the owners of valid copyrights for the content broadcast on the

20   aTV Channels.

21      40.   DFH has copied original expression from Plaintiffs' copyrighted works by

22   reproducing and distributing content without the permission or consent of Plaintiffs.

23   DFH continues to do so despite explicit demands to cease and desist.

24      41.   DFH's unauthorized broadcasts of Plaintiffs' aTV Channels constitute

25   infringement of Plaintiffs' exclusive rights to control their copyrighted works.

26

27

28

6

1   42.  DFH's unauthorized broadcasts of Plaintiffs' aTV Channels were presented

2   to the public and were deceptive as to the source and affiliation of the broadcasts and

3   material.

4   43.  Each act of infringement performed by DFH for each of Plaintiffs'

5   copyrighted works constitute separate and distinct acts of infringement.

6   44.  DFH knowingly, intentionally, purposefully and willfully broadcasted and

7   circulated the aTV Channels' material in disregard of, and with indifference to,

8   Plaintiffs' rights, and without Plaintiffs' permission.

9   45.  As a result of these acts of infringement, Plaintiffs have been, and will

10   continue to be, irreparably harmed.

11   46.  Unless enjoined by this Court, DFH will continue to willfully and

12   intentionally infringe Plaintiffs' exclusive, protected rights in their copyrighted works

13   through the unauthorized broadcast of the aTV Channels.

14   ## THIRD CLAIM FOR RELIEF

15   ### (Trademark Infringement)

16   47.  The foregoing paragraphs are realleged and incorporated by reference, as

17   though fully set forth herein.

18   48.  Plaintiffs are the owners of aTV Trademarks.

19   49.  Plaintiffs have permission to use and license the aTV Trademarks.

20   50.  DFH improperly used identical images of the aTV Trademarks in

21   connection with goods and services similar to those used by Plaintiffs, without their

22   consent or permission.

23   51.  DFH improperly used the aTV Trademarks in its advertising, marketing,

24   promotional materials, and in its broadcasts that were presented and sold to viewers and

25   customers, without Plaintiffs' consent or permission.

26   52.  DFH created confusion on the part of the public by using the aTV

27   Trademarks.

28

7

53.  DFH's actions were performed in such a way as to convey the impression that a relationship existed between DFH and Plaintiffs, and Plaintiffs' legally protected trademark rights, after the License Agreement had been terminated.

54.  DFH's unauthorized use of the aTV Trademarks is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, connection, or approval of the goods.  Viewers are likely to falsely associate DFH's illegal broadcasts as being authorized and approved by Plaintiffs.

55.  DFH's use of the aTV Trademarks takes unfair advantage of, and is detrimental to, the distinctive character and reputation of Plaintiffs and the aTV Trademarks.

56.  DFH willfully, knowingly, and purposefully used the aTV Trademarks during its unauthorized broadcasts that were sold to its various customers and on its advertising and promotional materials that were presented to the public.

57.  DFH acted intentionally, deliberately, and with full knowledge of Plaintiffs' rights in the aTV Trademarks.

58.  Plaintiffs have suffered, and will continue to suffer, a competitive injury and damage by DFH's actions.

59.  Unless enjoined by the Court, DFH will continue to willfully violate Plaintiffs' protected rights, and will continue to cause consumer confusion by deceiving viewers as to the association, source, sponsorship, affiliation and approval with or by Plaintiffs through the unauthorized use of the aTV Trademarks.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition)

60.  The foregoing paragraphs are realleged and incorporated by reference, as though fully set forth herein.

61.  DFH's actions, as described above, constitute unlawful, unfair, deceptive, and misleading acts.

62.  DFH willfully and purposefully engaged in deceitful acts and other acts incompatible with good faith.

63.  DFH created confusion amongst the public with regard to Plaintiffs' products and their commercial undertakings by broadcasting Plaintiffs' aTV Channels and using the aTV Trademarks without Plaintiffs' permission.

64.  Plaintiffs have suffered injury in the form of damage to their good-will, professional reputation, commercial undertakings, lost sales, moral and economic interests, and other actual damages as a result of DFH's unfair, unlawful and misleading business practices.

65.  DFH's actions have caused and will continue to cause Plaintiffs to suffer irreparable harm.

66.  Unless permanently enjoined by this Court, DFH will continue to willfully, knowingly, and intentionally perform actions that constitute unfair competition.

### FIFTH CLAIM FOR RELIEF

**(Account Stated)**

67.  Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs, nos. 1-32, as though fully set forth herein.

68.  DFH owes money to Plaintiffs on an account stated arising out of previous transactions.

69.  DFH and Plaintiffs agreed, through both conduct and words, that the amount stated was the correct amount owed to Plaintiffs.

70.  DFH promised to pay the amount stated to Plaintiffs.  To date, DFH has not paid all of the amount that is owed to Plaintiffs.

71.  Plaintiffs have suffered damages by reason of DFH's failure to pay Plaintiffs on their account stated.

9

## SIXTH CLAIM FOR RELIEF

### (Goods and Services Rendered – Quantum Meruit)

72.  Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs, nos. 1-32, as though fully set forth herein.

73.  DFH requested that Plaintiffs allow DFH to broadcast aTV Europe and use the aTV Trademarks for the benefit of DFH.

74.  Plaintiffs fully performed as requested and DFH benefitted from Plaintiffs' performance.

75.  DFH did not pay for the benefit received.

76.  Plaintiffs have suffered damages by reason of DFH's failure to compensate them for the benefit DFH received.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against DFH as follows:

A.   For an order of this Court permanently enjoining and restraining DFH and its officers, agents, servants, employees, successors, and all those in active concert or participation with them, from:

i.   Rebroadcasting the transmission of the aTV Channels via satellite, internet, mobile, or any other broadcast medium; and

ii.   Marketing, advertising, promoting or otherwise using the aTV Channels and aTV Trademarks in any way or form whatsoever;

B.   For an order of this Court directing DFH to destroy its entire stock of infringing marketing and promotional material, together with all labels, signs, prints, packages, wrappers, receptacles, and advertisements;

C.   For a judgment that DFH has committed acts of copyright infringement;

D.   For a judgment that DFH has committed acts of trademark infringement;

E.   For a judgment that DFH has committed acts that constitute unfair competition;

10

F.   For an award of compensatory and statutory damages, costs, and reasonable attorney's fees in accordance with applicable law;

G.   For an award of disgorgement of profits by DFH that are attributable to its copyright infringement, trademark infringement, unfair competition, and breach of its License Agreement with Turkuvaz Television;

H.   For damages in an amount to be determined at trial for DFH's trademark infringement;

I.   For damages in an amount to be determined at trial for DFH's unfair competition;

J.   For damages for DFH's breach of contract, in an amount to be determined at trial;

K.   For recovery under the account stated and quantum meruit claims, in an amount to be determined at trial;

L.   For an award of Plaintiffs' costs and expenses in bringing this action, pursuant to all applicable rule or law;

M.   For a judgment declaring this case exceptional and awarding Plaintiffs their attorneys' fees;

N.   For prejudgment interest;

O.   For post judgment interest; and

P.   For such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

1

**DEMAND FOR JURY**

2    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand

3    TRIAL BY JURY in this action of all claims and issues so triable.

4    DATED:  December 1, 2016            Sterling A. Brennan
                                        Tyson K. Hottinger
5                                       MASCHOFF BRENNAN LAYCOCK
6                                         GILMORE ISRAELSEN & WRIGHT PLLC

7                                       By:  */s/ Tyson K. Hottinger*
                                              Tyson K. Hottinger
8                                       Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28